IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

IN ADMIRALTY

**FEDERAL INSURANCE COMPANY,**
an Indiana Corporation, as subrogee of
Skipperline Industries, Inc.,

    Plaintiff/ Counter-Defendant,

vs.                                         CASE NO. 5:10-cv-92/RS-EMT

**ALL ABOARD CRUISE & TOW, INC.,**
d/b/a TOWBOAT U.S. CARRABELLE,
a Florida Corporation,

    Defendant/Counter-Plaintiff.

_____

## ORDER

Before me are Plaintiff's Motion to Dismiss Defendant's Counterclaim (Doc. 34) and Defendant's Memorandum in Opposition (Doc. 37).

**Standard of Review**

To survive a motion to dismiss, a pleading must contain sufficient facts, which accepted as true, state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569, 127 S. Ct. 1955, 1974 (2007). Granting a motion to dismiss is appropriate if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S. Ct.

2229, 2232 (1984). In making this determination, the court must accept all factual allegations in the complaint as true and in the light most favorable to Plaintiff. *Christopher v. Harbury*, 536 U.S. 403, 406, 122 S. Ct. 2179, 2182 (2003).

## Background

On October 14, 2007, the "Ginn Sur Mer" began taking on water in the Gulf of Mexico. The vessel was taken in tow by a fishing vessel towards East Pass, Florida with pumps operating that had been delivered by the Coast Guard. Approximately one mile from East Pass, Defendant's towboat arrived and took over towing the "Ginn Sur Mer." The vessel was brought to shore, docked, and subsequently sank in the early morning hours of October 15, 2007 causing significant damage.

The "Ginn Sur Mer" was designed and built by Skipperliner Industries, Inc., and operated by Naples 306, LLC, a wholly owned subsidiary of Skipperliner. After some initial uncertainty as to the relationship between Plaintiff and Naples 306, the First Amended Complaint (Doc. 26, attach. 1) established that Plaintiff, having paid a claim, is the subrogee of both Skipperliner and Naples 306. In addition, Defendant's Answer to the First Amended Complaint & Counterclaim (Doc. 30) cleared up any uncertainty regarding the nature of its claim by establishing that a counterclaim (and not a third party complaint as originally filed in Doc. 6), had been brought against Plaintiff for the actions undertaken by its insured Skipperliner and Naples 306. The counterclaim seeks "contribution or indemnity" from Plaintiff as a result of its relationship to Skipperliner and Naples 306.

## Analysis

### A. Indemnification

Indemnity is a legal principle where one tortfeasor may shift its entire loss onto another tortfeasor provided that the latter should appropriately answer for the entirety of the loss. *Columbus-McKinnon Corp. v. Ocean Products Research, Inc.,* 792 F. Supp. 786, 788 (M.D. Fla. 1992). Defendant has not alleged any set of facts, such as the existence of a contract, which would make indemnification a plausible theory of recovery.[1] As a tow boat operator, the Defendant's relationship to the vessel operator and manufacturer is not one that would automatically give rise to a relationship where one party would answer for the other's actions. Defendant has not provided any basis for establishing such a relationship.

### B. Contribution

Plaintiff has raised as an affirmative defense the negligence of Skipperliner in designing the vessel and Naples 306 in operating the vessel. In essence, this is a defense of comparative fault that dovetails with Defendant's contribution counterclaim. *Columbus McKinnon Corp.* at 789 (noting that contribution in admiralty is based on comparative fault principles). As this is a bench trial, it may be clearer for Defendant to pursue this defense rather than muddy the waters with a contribution based counterclaim.

---

[1] Indemnity in American maritime courts may take any of three forms: it may be pursuant to an express contractual obligation, or pursuant to a contractual obligation implied from the relationship of the parties, or it may take the form of restitution, to prevent one party from being unjustly enriched at the expense of another. These concepts have developed in the courts only during the last half century. Each will be considered in turn. 2-I Benedict on Admiralty § 9

In any event, Defendant has raised sufficient facts to make it plausible that the sinking of the "Ginn Sur Mer" resulted from a series of negligent acts by one or more of the parties.

## Conclusion

Plaintiff's Motion to Dismiss (Doc. 34) is **GRANTED in part,** and **DENIED in part.**

**IT IS ORDERED:**

1. Defendant's claim for indemnity is **dismissed with prejudice**.

2. Defendant's claim for contribution remains.

**ORDERED** on December 1, 2010

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**